UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK KING,

      Plaintiff,                  Case No. 4:25-cv-10277

                                     District Judge F. Kay Behm

v.                               Magistrate Judge Kimberly G. Altman

KELLY JEX, KURT PETERSON,
PETER LUCIDO, CITY OF FRASER,
and COUNTY OF MACOMB,

      Defendants.

_____/

## REPORT AND RECOMMENDATION[1]
## TO DENY AS MOOT THE COUNTY DEFENDANTS' MOTION TO DISMISS (ECF No. 12)
## AND
## TO GRANT PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (ECF No. 15)

I.      Introduction

This is a civil rights case under 42 U.S.C. § 1983.  Plaintiff Frank King

(King), proceeding *pro se*, is suing the above-captioned defendants for malicious

prosecution, alleging that he was wrongfully arrested and charged with a home

_____

[1] The undersigned must proceed by Report and Recommendation on defendants' motion to dismiss, which is a dispositive motion.  Rather than issue a separate Order on King's related motion for leave to amend the complaint, the undersigned will proceed by way of Report and Recommendation on both motions.

invasion he did not commit.  (ECF No. 1).  Pretrial proceedings have been referred to the undersigned.  (ECF No. 5).  Before the Court is defendants' motion to dismiss (ECF No. 12) and King's motion for leave to amend the complaint, (ECF No. 15).  For the reasons that follow, it is RECOMMENDED that King's motion be GRANTED and defendants' motion be DENIED AS MOOT.  If this recommendation is adopted, the undersigned will issue a scheduling order for discovery and dispositive motions at the time of adoption.

## II.    Background

On January 30, 2025, King filed a complaint.  (ECF No. 1).  On March 4, 2025, defendants, Assistant Prosecutor Kelly Jex (Jex), Prosecutor Peter Lucido (Lucido), and the County of Macomb (collectively "the County Defendants") appeared and filed a motion to dismiss.[2]  (ECF No. 12).  On April 1, 2025, King filed an amended complaint in response to the motion (ECF No. 16) along with a motion for leave to amend the complaint (ECF No. 15).  On April 25, 2025, the County Defendants filed an answer to the amended complaint.  (ECF No. 17).

## III.    Discussion

As King explains in his motion, he seeks to amend the complaint based on the County Defendants' motion to dismiss, which noted that the complaint failed to

---

[2] King has also sued the City of Fraser and former police detective Kurt Peterson. It appears that they have been served.  However, they have not yet appeared or otherwise responded.

allege a custom or officially promulgated policy with respect to the municipal

defendants.  (ECF No. 15, PageID.143).

Regarding amended and supplemental pleadings, Federal Rule of Civil

Procedure 15(a)(1) states:

> *Amending as a Matter of Course*.  A party may amend its pleading once
> *as a matter of course* no later than:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is
> required, 21 days after service of a responsive pleading or *21
> days after service of a motion under Rule 12(b)*, (e), or (f),
> whichever is earlier.

(emphasis added).  Because King's amended complaint was filed within 21 days of

service of the County Defendants' motion, it is allowed as a matter of course, and

his motion to amend should be granted.  The amended complaint (ECF No. 16)

should be considered to be the operative complaint.

Generally, an "amended complaint supersedes the original complaint, thus

making the motion to dismiss the original complaint moot."  *Ky. Press Ass'n v.

Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) (citing *Parry v. Mohawk

Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (holding that the amended

complaint supersedes all previous complaints and becomes the operative

pleading)); *see also Glass v. Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich.

2008) ("Because the original complaint has been superseded and nullified, there is

no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot." (internal footnote omitted)).

However, "[i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." *Yates v. Applied Performance Techs.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002) (citations omitted). "That is particularly true if the amended complaint is 'substantially identical to the original complaint.' " *Klein by Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 919 (E.D. Mich. 2022) (citing *Mandali v. Clark*, No. 2:13-cv-1210, 2014 WL 5089423 at *2 (S.D. Ohio Oct. 9, 2014)).

Here, as noted above, the County Defendants filed an answer to the amended complaint. Therefore, the original complaint should be deemed superseded and the motion to dismiss the original complaint moot.

## IV.    Conclusion

For the reasons stated above, it is RECOMMENDED that King's motion for leave to amend the complaint (ECF No. 15) be GRANTED, and the amended complaint (ECF No. 16) be deemed the operative complaint. It is further RECOMMENDED that the County Defendants' motion to dismiss (ECF No. 12) be DENIED AS MOOT. If this recommendation is adopted, the case will be ready for a scheduling order as to King and the County Defendants.

Dated: April 28, 2025                    s/Kimberly G. Altman
Detroit, Michigan                        KIMBERLY G. ALTMAN

United States Magistrate Judge

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

5

Objection No. 2," etc.  If the court determines that any objections are without

merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 28, 2025.

s/Dru Jennings
DRU JENNINGS
Case Manager