UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK KING,

Plaintiff,

v.

KELLY JEX, *et al.*,

Defendants.
_________________________ /

Case No. 25-10277

F. Kay Behm
United States District Judge

Kimberly G. Altman
United States Magistrate Judge

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 33) TO MAGISTRATE JUDGE'S ORDER (ECF No. 29)**

## I. PROCEDURAL HISTORY

Plaintiff filed this pro se civil rights against two Macomb County prosecutors and the County of Macomb. (ECF Nos. 1, 16). This matter was referred to the Magistrate Judge for all pretrial proceedings. (ECF No. 5). Magistrate Judge Altman issued an Order denying Plaintiff's motion for leave to serve additional interrogatories and to compel better interrogatory responses. (ECF No. 29). Plaintiff filed an objection to the order. (ECF No. 31). Plaintiff then filed an amended objection to the order. (ECF No 33). The court construes the amended objection as replacing the original objection and thus, will consider Plaintiff's amended objection only. No response was filed to Plaintiff's objection.

## II. LEGAL STANDARDS

When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being served with a copy. Fed. R. Civ. P. 72(a). The district judge must then consider any timely objections and modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law." *Id.* A magistrate judge's factual findings are reviewed under the clearly erroneous standard and will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

A magistrate judge's legal conclusions are reviewed under the "contrary to law" standard and will be reversed only if they fail to apply or misapply relevant statues, case law, or rules of procedure. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citations omitted). A district court may not reverse a magistrate judge's ruling simply because the court would have decided the matter differently. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Systems*, 47 F.Supp.3d 536, 538 (E.D. Mich. 2014); *see also Anderson v. City*

*of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

## III. ANALYSIS

Objection No. 1

In this objection, Plaintiff acknowledges that the "Magistrate rendered rulings that were indeed balanced and largely indicative of a sincere effort to get the parties back on track to facilitate the exchange of discovery." (ECF No. 33, PageID.361). Yet, Plaintiff goes on to say that:

> The objection being addressed herein is focused upon the Defendants' wordplay about the initiating documents. Whereas the Defendants have continued to distort and create ambiguity about 2-3 documents, these documents are distinct. Characterizing them as possibly the same item, allows them to continue their hoax, to wit, concealment. Critical to debunking their past unconstitutional efforts at the heart of this litigation, is by qualified clarity.

*Id*. The court finds this objection to be improper because it fails to specify the part of Judge Altman's Order to which it objects. "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). An objection must "identify in [the] Order any clearly erroneous factual finding or

legal conclusion that is contrary to law." *Smart v. Pro. Grp.*, No. 25-11833, 2026 WL 75813, at *1 (E.D. Mich. Jan. 9, 2026). Plaintiff's objection fails to do so here. Additionally, instead of objecting to a discrete portion of the order, Plaintiff seems to be revisiting a complaint about Defendants, without connecting that to the Magistrate Judge's decision. Under such circumstances, he "has effectively failed to make an objection to any of the magistrate judge's central findings." *Meeks v. Solomonson*, No. 19-10868, 2022 WL 188133, at *1 (E.D. Mich. Jan. 19, 2022). Accordingly, this objection is **OVERRULED**.

<u>Objection No. 2</u>

This objection suffers from the same defects identified above. It reads as follows:

> On January 5, 2017, the Defendants sought a bench warrant from the criminal court against the undersigned Plaintiff. As this Court probably knows or can easily validate, a "bench warrant" is the Court's way of immediately expressing dissatisfaction and enforcement with respect to a party being inviolate of a standing judicial order. For example, a probation violation, because the probation is an endorsed court order, or a failure to appear in court when a subpoena, summons, was previously issued upon a person. A bench warrant is therefore NOT a criminal complaint nor is it a felony complaint. Just like a Motion for an Order to Show Cause, is not the same as the actual issued Order to Show Cause. One is the preliminary prerequisite filed/submitted by the requesting party/State to the Court/Judge, and the second item is the Court action issued in the form of a bench warrant, writ, or the

> order to show cause. They are not the same interchangeable things. A motion is not an order. A felony complaint is not a bench warrant. It makes no sense to allow the Defendants to keep moving these words/phrases back and forth as though they are unable to appreciate the difference between them.

(ECF No. 33, PageID.362). Here too Plaintiff fails to connect his complaints about Defendants to any factual or legal conclusion in Magistrate Judge Altman's Order. Thus, the objection is improper because it fails to identify any fault with Judge Altman's legal conclusions or factual findings. The objection is, therefore, **OVERRULED**.

<u>Objection No. 3</u>

Plaintiff objects to Defendant's response to Interrogatory No. 1, claiming it was a straightforward question to which a straightforward answer was owed:

> 1. Had an arrest warrant been issued for the Plaintiff as of January 10, 2017, at the time of Plaintiff's arrest, and if so, who[] signed it on behalf of the police, and who signed it on behalf of the judiciary?
>
> ANSWER: The District Court record reflects the filing of the felony complaint on January 5, 2017. The signatures of assistant prosecutor Jex and Fraser Officer Boylin, and the district court judge on the 39th District Court.

(ECF No. 23, PageID.238). Regarding this interrogatory, Judge Altman found that "[t]o the extent that there is a disagreement regarding the difference

between an arrest warrant and a felony complaint, the additional documents provided by defendants in their response provide King with all of the information he seeks." (ECF No. 29, PageID.338). Plaintiff fails to take issue with the Magistrate Judge's conclusion that the additional documents Defendants provided to him provided him "with all the information he seeks." Again, Plaintiff fails to connect his complaints about Defendant's answer to the interrogatory to any factual or legal conclusion in Magistrate Judge Altman's Order. Thus, the objection is improper because it fails to identify any fault with Judge Altman's legal conclusions or factual findings. The objection is, therefore, **OVERRULED**.

Objection No. 4

This objection again fails to identify any error in the Order issued by Judge Altman. The objection reads as follows:

> The Plaintiff was dragged into Criminal Court on purely false pretenses. The Defendants' procedures circumvented the statutory guidelines which is why the bench warrant issued on January 5, 2017 , was cancelled on January 24, 2017. This bench warrant was voided by the Magistrate Criminal Court judge on January 24, 2017, as insufficient to sustain their desired felony warrant. The Defendants failed to comply with MCL 764.26 and MCL 764.13, which required their felony complaint, (because they sought a felony arrest warrant), to FIRST have a full review and hearing. There is no record that the Defendants filed a Felony Complaint on the actual docket/record.

(ECF No. 33, PageID.363). Plaintiff's complaints about Defendants' actions are unconnected to any portion of the Magistrate Judge's Order. Thus, the objection is improper because it fails to identify any fault with Judge Altman's legal conclusions or factual findings. The objection is, therefore, **OVERRULED**.

Objection No. 5

In this objection, Plaintiff complains about Defendants' answer to Interrogatory No. 17. Plaintiff, however, never raised any issues regarding Interrogatory No. 17 in his motion to compel. (ECF No. 22). As a general rule, district courts do not have to consider arguments on review that were not raised before the magistrate judge. *See Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000) ("The magistrate [ ] never had the opportunity to consider this issue. Courts have held that while the Magistrate Judge Act, permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. Hence, Petitioner's failure to raise this claim before the magistrate constitutes waiver ."); *Allgood v. Baptist Mem'l Med. Grp., Inc.*, No. 219CV02323, 2020 WL 821381, at *4 (W.D. Tenn. Feb. 19, 2020) ("The Court

will not consider objections to the Magistrate Judge's Order that were not raised first with the Magistrate Judge.") (citing *Murr v. United States*). Accordingly, the court declines to address Plaintiff's new arguments regarding Interrogatory No. 17 that were never presented to the Magistrate Judge in the first instance. This objection is **OVERRULED**.

Objection No. 6

In his last objection, Plaintiff requests an *in-camera* production by Defendants of their "entire file" or an evidentiary hearing. Plaintiff, however, never requested any *in-camera* production or evidentiary hearing before the Magistrate Judge. Accordingly, the court declines to address Plaintiff's new requests for relief that were never presented to the Magistrate Judge. *See Murr*, *supra*. This objection is **OVERRULED**.

## IV. CONCLUSION

For the reasons set forth above, the court **OVERRULES** Plaintiff's objections to the Magistrate Judge's Order.

**SO ORDERED**.

Date: August 13, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge