UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK KING,

Plaintiff,

v.

KELLY JEX, *et al.*,

Defendants.
_______________________________ /

Case No. 25-10277

F. Kay Behm
United States District Judge

Kimberly G. Altman
United States Magistrate Judge

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S JULY 14, 2026 REPORT AND RECOMMENDATION (ECF No. 42) AND OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 43)**

## I. PROCEDURAL HISTORY

Plaintiff filed this pro se civil rights against two Macomb County prosecutors and the County of Macomb. (ECF No. 1). As set forth in the Amended Complaint, Plaintiff brings a claim of malicious prosecution under 42 U.S.C. § 1983 against Defendants Jex and Lucido and brings a *Monell* claim against Defendant Macomb County. (ECF No. 16). This matter was referred to the Magistrate Judge for all pretrial proceedings. (ECF No. 5). The parties filed competing motions for summary judgment. (ECF Nos. 36, 37, 38). Magistrate Judge Kimberly G. Altman issued a report and recommendation (R&R) on the motions for summary judgment on July 14, 2026. (ECF No. 42).

Judge Altman recommends denying Plaintiff's motions for summary judgment and granting Defendants' motion for summary judgment. *Id.* Plaintiff has filed an objection to the R&R and Defendants have filed a response to Plaintiff's objection. (ECF Nos. 43, 44).

For the reasons set forth below, the court **ACCEPTS** and **ADOPTS** the Magistrate Judge's R&R, **OVERRULES** Plaintiff's objections, and **DISMISSES** Plaintiff's complaint with prejudice.

## II. LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373,

380 (6th Cir. 1995). The filing of vague, general or conclusory objections to a magistrate judge's report and recommendation is tantamount to a complete failure to object. *Fields v. Lapeer 71–A Dist. Ct. Clerk*, 2 F. App'x 481, 482-83 (6th Cir. 2001); *see also Seals v. Seals*, 2014 WL 3592037, at *2 (W.D. Tenn. July 21, 2014) ("Failure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report. A general objection is considered the equivalent of failing to object entirely.")); *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

Moreover, objections must be sufficiently clear so that the district court can "discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380 (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. *See Pearce*,

893 F.3d at 346. And when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").

## III. ANALYSIS

The court assumes familiarity with the facts. The R&R addresses two separate bases for summary judgment in Defendant Jex and Lucido's favor. First, it addresses the claim that they are entitled to absolute prosecutorial immunity as to Plaintiff's malicious prosecution claim. Second, it addresses whether King has put forward any evidence to substantiate a malicious prosecution claim. (ECF No. 42, PageID.565). As to the first issue, the R&R concluded that "Jex's actions amounted to prosecutorial conduct inherent to the presentation of the State's case in a criminal prosecution, making Jex immune from suit. In other words, there is no evidence that Jex performed any act other than those within her authority as a prosecutor. Therefore, she

is entitled to immunity." (ECF No. 42, PageID.568). As to Lucido, the R&R concluded that King had offered no evidence to show that he was involved in any unconstitutional actions and thus, the claim against him could not stand because he was a mere supervisory official. (ECF No. 42, PageID.569-70). The R&R further concluded that Lucido, as the Macomb County Prosecutor enjoys broad prosecutorial immunity. *Id*. at PageID.570.

Plaintiff's objections do not engage with or dispute that Defendants Jex and Lucido are entitled to prosecutorial immunity as to his malicious prosecution claims against them. Plaintiff failed to object to the Magistrate Judge's dispositive conclusions in this regard. "[A] district court is not required to review—under a de novo or any other standard—those aspects of a report and recommendation to which no objection is made." *Buckingham v. Ally Fin.*, No. 12-2985, 2013 WL 3884178, at *1 (W.D. Tenn. July 25, 2013) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). Instead, the "district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed." *Id*. (citing *Thomas v. Arn*, 474 U.S. at 151); *see also Jackson v. Midland Mortg. Co.*, No. 220CV02549JTFTMP, 2021 WL 1392864, at *2 (W.D. Tenn. Apr. 13, 2021) ("A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed.").

Therefore, the court accepts and adopts the Magistrate Judge's dispositive conclusion that Defendants Jex and Lucido are entitled to prosecutorial immunity. Because adopting this dispositive conclusion requires the dismissal of Plaintiff's malicious prosecution claims against Jex and Lucido, the court need not further address Plaintiff's objections to the report and recommendation regarding Jex and Lucido.

The Magistrate Judge also concluded that King's *Monell* claim against Macomb County must fail because he "has not identified any policy or custom that he contends led to his arrest and conviction, nor has he alleged any facts to plausibly suggest that any municipal custom or policy caused any of the alleged deprivations of his constitutional rights." (ECF No. 42, PageID.573). Again, Plaintiff offers no objections to the Magistrate Judge's dispositive conclusion regarding his *Monell* claim. Therefore, the court accepts and adopts the Magistrate Judge's dispositive conclusion that the *Monell* claim against Macomb County must fail.

Plaintiff's objections are, therefore, **OVERRULED**.

## IV. CONCLUSION

For the reasons set forth above, the court **ACCEPTS** and **ADOPTS** the Magistrate Judge's R&R, **OVERRULES** Plaintiff's objections, and **DISMISSES** Plaintiff's complaint with prejudice.

**SO ORDERED**.

Date: August 13, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge